Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, | | |
| LLC, a Utah limited liability company, | : | Chapter 11 |
| Debtor. | | |
| | : | Honorable:    R. Kimball Mosier |

## MOTION FOR INTERIM AND FINAL ORDERS APPROVING THE CONTINUED USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEM AND PAYMENT OF PREPETITION AND POST PETITION OBLIGATIONS

Food For Health International, LLC, as debtor and debtor-in-possession (the "Debtor"),

hereby moves (the "Motion") the Court for the entry of an interim order (the "Interim Order")

attached hereto as **Exhibit A** and a final order (the "Final Order") attached hereto as **Exhibit B**

(i) approving the Debtor's continued use of its pre-petition cash management system until the

items outlined in this motion are complete and then fully converting over to its existing post

petition debtor-in-possession bank accounts, including authorizing the Debtor to open and close

additional bank accounts as needed; (ii) granting the Debtor a 45-day extension to comply with

the requirements of Bankruptcy Code section 345(b) and interim approval of the Debtor's

24597772

current investment and deposit guidelines; (iii) authorizing the bank participating in the cash

management system (Bank of American Fork – for pre-petition matters and East West Bank for

post-petition matters, the "Banks") to honor certain transfers and charge bank fees and certain

other amounts; and (iv) granting certain related relief.  In support of this Motion, the Debtor

respectfully states as follows:

### JURISDICTION, VENUE AND BASIS FOR RELIEF

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of

this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 345,

and 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et. seq.*, the "Bankruptcy Code")

and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

### BACKGROUND

3.      On May 11, 2018 (the "Petition Date"), the Debtor filed the voluntary

Petition (Docket No. 1) (the "Petition").

4.      The Debtor is a debtor-in-possession under Chapter 11 of the Bankruptcy

Code.

5.      No trustee, examiner, creditors' committee, or other official committee has

been appointed in this chapter 11 case.

6.      Information about the Debtor's business operations, capitalization and

24597772

prepetition indebtedness, as well as the events leading to the bankruptcy filing, can be found in

the Declaration of Albert Altro in Support of First Day Pleadings (the "First Day Declaration").

The Debtor relies on the First Day Declaration in seeking the relief requested herein and

incorporates the First Day Declaration herein by reference.

## THE CASH MANAGEMENT SYSTEM

7.    Before the commencement of this chapter 11 case, the Debtor, in the

ordinary course of its business, used a centralized cash management system to collect, transfer

and disburse funds generated by its operations and to accurately record all such transactions as

they were made (the "Cash Management System"). The Cash Management System provides a

unified system for the Debtor that allows for an integrated method of accounting for revenues

and expenses to be collected and paid.

8.    The Cash Management System comprises two bank accounts (the "Bank

Accounts") maintained at Bank of American Fork ("Bank of A.F.").

9.    Each Bank Account is described below:

a    Operating Account – Checking account number ending in 5911

(the "Operating Account") is the Debtor's lone operating account

and is used for all cash management activities. The Operating

Account receives all deposits, including payments from any of the

Debtor's customers, and is also used for all disbursements,

including payment of the Debtor's employees.

b    EFoods Account – Account number ending in 3197 - does nothing

more than collect merchant account receipts from the Efoods

-3-

website and then uses those funds to pay two loans at Bank of

American Fork under the EFoods name.

## REQUEST FOR RELIEF

10.     By this Motion, the Debtor respectfully requests, among other things, a

waiver of certain of the operating guidelines established by the Office of the U.S. Trustee (the

"U.S. Trustee") that otherwise would require the Debtor to close the Bank of American Fork

bank accounts, open new "Debtor-in-Possession" accounts and order new business forms and

stationery.  Specifically, the Debtor requests that the Court enter the Interim Order and the Final

Order (i) approving the Debtor's continued use of its current Cash Management System until all

pre-petition and post-petition transfers are completed as set forth in exhibits A and B to this

document; (ii) approve the opening of the DIP bank account with East West Bank granting the

Debtor a 45-day extension to comply with the requirements of Bankruptcy Code section 345(b)

and interim approval of the Debtor's current investment and deposit guidelines; (iii) authorizing

Bank of American Fork to honor certain transfers and charges and certain other amounts; and

(iv) granting certain related relief.

## BASIS FOR RELIEF REQUESTED

11.     The U.S. Trustee has established certain operating guidelines for debtors-

in-possession in order to supervise the administration of chapter 11 cases.  These guidelines

require chapter 11 debtors to, among other things: (a) close all existing bank accounts and open

new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all

estate monies required for the payments of taxes, including payroll taxes; (c) maintain a separate

-4-

debtor-in-possession account for cash collateral; and (d) obtain checks for all debtor-in

possession accounts which bear the designation "Debtor-in-Possession," the bankruptcy case

number and the type of accounts. Similarly, Bankruptcy Code section 345, amongst other

requirements, provides that debtors-in-possession must require their depository banks to post

bonds sufficient to insure all debtor deposits not insured by the Federal Deposit Insurance

Corporation. Enforcing these requirements in this case, however, would place an enormous

burden on the Debtor. The Debtor herein requests to continue use of the Bank of American

Form bank accounts as set forth herein until the DIP account and automatic transfer

arrangements have been created, updated and changed.

A.    **The Debtor Should Be Authorized to Continue to Use The Cash Management
System**

12.    The Cash Management System employed by the Debtor constitutes

ordinary, usual, and essential business practices and is similar to those used by other major

corporate enterprises. The Cash Management System provides significant benefits to the

Debtor, including the ability to control corporate funds centrally and to ensure the availability of

funds when necessary and importantly to provide payment for ongoing shipping requirements.

Compelling the Debtor to adopt a new, segmented cash management system during its stay in

chapter 11 would be expensive and would create unnecessary administrative problems. Any

disruption of the Cash Management System would have an adverse effect upon the Debtor's

ability to pay the costs and expenses of administering the Debtor's chapter 11 case as a debtor-

in-possession. Consequently, maintenance of the Cash Management System is essential and is in

the best interests of all creditors and other parties-in-interest, until arrangement can be made with

-5-

parties to transfer all automatic deposits and withdrawals to the DIP account with East West Bank.

B.    **The Debtor Should Be Granted Authority to Maintain The Bank Accounts**

13.    The Debtor seeks a waiver of the requirements that it close the Bank of American Fork Accounts. If enforced in this chapter 11 case, such requirements would cause significant disruption to the Debtor's business, and impairing the Debtor's efforts to maximize the value of its estate. As described above, the Bank Accounts are central to an established Cash Management System that the Debtor needs to maintain to ensure disbursements, collections and deliveries in the ordinary course of business.

14.    The Debtor requests that the Bank of American Fork bank accounts be deemed debtor-in- possession accounts and, as a result, that the Debtor be authorized to continue to use them with the same account number, styles, and document forms as the Debtor used prior to the Relief Date. If necessary, the Debtor also should be permitted to open new accounts whenever needed, provided that the Debtor gives the U.S. Trustee notice of such newly-opened accounts (although the debtor does not foresee any need at this time to open any new accounts at the Bank of American Fork). The Debtor represents that if the relief requested in this Motion is granted, it will not pay, and the Bank will be directed not to pay, any debts incurred before the Relief Date, other than as authorized by the Court. Importantly, the Debtor possesses the capacity to draw the necessary distinctions between prepetition and postpetition obligations and payments without closing the Bank Accounts and opening new ones. Additionally, the amounts at issues in these two accounts are relatively minor compared to the overall debts and assets in this case as set forth in Exhibits C and D attached hereto.

C.    **Section 345(b) Deposit Guidelines**

15. The Debtor believes the requirements of Bankruptcy Code section 345(b) are satisfied because all post petition deposits, other than the EFoods account deposits made before merchant account receipts are fully updated, will be made with East West Bank, account number ending in 0654 which should be set up as the DIP account as of the date this motion is heard. As for deposits on hand with Bank of American Fork, the Debtor had approximately $6,957.22 on deposit in the Operating Account with Bank of American Fork and $4,082.45 in the Efoods account with Bank of American Fork as of the Petition date and seeks through this motion to approve payment of pre and post petition amounts through this motion. Additionally, the amounts deposited with the Bank of American Fork are within the limits of insurance by the Federal Deposit Insurance Corporation.

16. By this Motion, the Debtor is requesting a forty-five (45) day extension of the time to comply with Bankruptcy Code section 345(b) with respect to the Bank of American Fork bank accounts, to the extent applicable. During the extension period, the Debtor proposes to engage the U.S. Trustee in discussions to determine what modifications to its deposit practices, if any, would be appropriate under the circumstances. The Debtor believes that the benefits of the requested extension far outweigh any harm to its estate. *See In re Serv. Merch. Co.*, 240 B.R. 894, 896-97 (Bankr. M. D. Tenn. 1999) (finding cause to extend the time to comply with section 345(b) where failure to do so would "needlessly handcuff" the debtor's reorganization efforts). The Debtor has already discussed the need for this motion with the U.S. Trustee's office related to minor operating expenses in the Bank of American Fork operating account.

-7-

24597772

D. **The Debtor Should Be Authorized to Continue Using Debit, Wire, and Automatic Clearing House Payments**

17. The Debtor should be granted further relief from the U.S. Trustee operating guidelines to the extent that they require the Debtor to make all disbursements by check. In particular, the U.S. Trustee operating guidelines require that all receipts and disbursements of the estate funds occur by check with a notation representing the reason for the disbursement. It is sometimes necessary for the Debtor to conduct transactions by debit, wire, and other similar methods, specifically with the United States Postal Service with whom the debtor ha a daily ACH agreement to cover daily shipping expenses. To deny the Debtor the opportunity to conduct transactions by debit, wire, and other similar methods would unnecessarily disrupt the Debtor's business operations and create additional costs and potentially disrupt its shipping arm.

E. **The Debtor Should Be Granted Authority to Continue Using Existing Business Forms**

18. To minimize expenses, the Debtor further requests that it be authorized to continue to use its correspondence and business forms, including, but not limited to, purchase orders, multi-copy checks, letterhead, envelopes, promotional materials, and other business forms (collectively, the "Business Forms"), substantially in the forms existing immediately before the Relief Date, without reference to its status as debtor-in-possession, related to the closing out of the Bank Account; provided, however, that new deposits and payments will be made with an approved DIP bank account with East West Bank, exclusing EFoods deposits until changes are made to automatically have those deposits made in the DIP account. It is anticipated that parties doing business with the Debtor through the Bank of American Form bank accounts

-8-

will be aware of its status as a debtor-in-possession.  A requirement that the Debtor change its

business forms would be expensive and burdensome to the Debtor's estate and extremely

disruptive to operations.  In light of the above, the costs and potential disruption are not justified.

**F.**     **Bank Must Be Permitted To Honor Certain Transfers and Charge Bank Fees and Certain Other Amounts**

19.     Prior to the Relief Date, the Debtor issued checks that have yet to clear

the banking system.  With respect to other obligations, the Debtor currently has an ACH

automatic withdrawal agreement with the U.S. Postal Service to cover daily shipping payments.

The disruption of the Debtor's daily shipping would be detrimental to ongoing operations.

Attached hereto as Exhibit C are the pre-petition checks which the debtor seeks permission to

honor post petition from the Operating Account.  Attached hereto as Exhibit D are the checks

written pre-petition which were presented to Bank of American Fork post petition as well as

ACH automatic payments made to the U.S. Postal Service for shipping, also made post petition.

The Debtor requests approval to authorize these transactions in the ordinary course of business.

The Debtor believes additional ACH requests will have cleared prior to the hearing of this

motion as it works to get its DIP account in place and change over the US Postal Service

agreement from the Operating Account.  The Debtor seeks approval of any of these such

transfers as well.  Additionally the Debtor seeks authorization to continue to accept deposits into

the EFoods account until merchants are all updated with the new deposit information in the DIP

account at East West Bank.

20.     As a result of the foregoing, the Debtor requests that the Bank of

American Fork be authorized to accept and honor all representations from the Debtor regarding

which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with

24597772

any order of the Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on

or subsequent to the Relief Date.  Pursuant to the relief requested in this Motion, the Bank will

not be liable to any party on account of (i) following the Debtor's instructions or representations

as to any order of the Court, (ii) honoring any prepetition check or item in a good faith belief that

the Court has authorized such prepetition check or item to be honored, or (iii) an innocent

mistake made despite implementation of reasonable item-handling procedures.  Such relief is

reasonable and appropriate because the Bank is not in a position to independently verify or audit

whether a particular item may be paid in accordance with a Court order or otherwise.

21.    Finally, the Debtor requests authority for the Bank to charge and the

Debtor to pay both prepetition and postpetition service and other fees, costs, charges and

expenses to which the Bank may be entitled under the terms of and in accordance with its

contractual arrangements with the Debtor (collectively, the "Bank Fees").  The Debtor further

requests that the Bank be authorized to charge back returned items to the Bank Accounts in the

normal course of business.

G.    **Legal Support for Relief Requested**

22.  Bankruptcy courts routinely grant chapter 11 debtors the types of relief

sought in this Motion, treating a request for such authority as a relatively "simple matter." *In re*

*Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr S.D. Ohio 1987).  Bankruptcy Code section

363(c)(1) authorizes a debtor-in-possession to "use property of the estate in the ordinary course

of business without notice or a hearing."  11 U.S.C. § 363(c)(1).  The purpose of Bankruptcy

Code section 363(c)(1) is to provide a debtor-in-possession with the flexibility to engage in the

ordinary transactions required to operate its business without unneeded oversight by its creditors

-10-

or the court. *See, e.g., Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne),* 114 F.3d 379, 384

(2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re*

*Crystal Apparel, Inc.),* 207 B.R. 406, 409 (S.D.N.Y. 1997).

23. Included within the purview of Section 363(c) is a debtor's ability to

continue the "routine transactions" necessitated by a debtor's cash management system. *Amdura*

*Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.),* 75 F.3d 1447, 1453 (10th Cir. 1996).

24. The Court may also exercise its equitable powers to grant the relief

requested herein. Bankruptcy Code section 105(a) empowers the Court to "issue any order,

process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. §

105(a). Thus, section 105(a) essentially codifies the bankruptcy court's inherent equitable

powers and "grants bankruptcy courts the 'equitable power to issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title.'" *Schwartz v.*

*Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.),* 352 F.3d 671, 680 (2d Cir. 2003)

(citation omitted) (Straub, J., concurring). Continuing use of the Cash Management System and

Bank Accounts without interruption is vital to the efficient and economic administration of the

Debtor's estate. Therefore, it is within the Court's equitable power under Bankruptcy Code

section 105(a) to approve the relief sought herein.

## REQUESTS FOR IMMEDIATE RELIEF AND WAIVER OF STAY

25. Pursuant to Bankruptcy Rules 6003(b) and 6004(h), the Debtor seeks (i)

the immediate entry of an order authorizing the Debtor to continue its use of the Bank Accounts,

Cash Management System and Business Forms and the payment of Bank Fees pursuant to

Bankruptcy Rule 6003(b) and (ii) a waiver of any stay of the effectiveness of such an order.

24597772

26. Bankruptcy Rule 6003(b) provides, in relevant part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to pay all or part of a claim that arose before the filing of the petition." Accordingly, where the failure to grant any such requested relief would result in immediate and irreparable harm to the Debtor's estate, the Court may allow the Debtor to pay all or part of a claim that arose before the Relief Date prior to the twenty-first day following the Relief Date. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

27.     The continued use of the Bank Accounts, Cash Management System and Business Forms and the payment of Bank Fees are necessary to prevent immediate and irreparable damage to the Debtor's operations. Accordingly, the Debtor submits that ample cause exists to justify: (i) the immediate entry of the Interim Order granting the relief sought herein on an interim basis pursuant to Bankruptcy Rule 6003(b); and (ii) a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## **RESERVATION OF RIGHTS**

28.     Nothing contained herein is intended or should be construed as: (i) an admission as to the validity, priority or amount of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any claim is of the type specified or defined in this Motion; (v) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other

-12-

24597772

applicable law; or (vii) a concession by the Debtor that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves it right to contest the extent, validity and perfection or seek avoidance of all such liens.

## NOTICE

29.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Utah; (ii) the Debtor's largest twenty (20) unsecured creditors as identified in its chapter 11 petition; (iii)the Bank at which the Bank Accounts are maintained and (iv) all parties requesting notice in this case pursuant to Rule 2002. Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is necessary.

## NO PRIOR REQUEST

30.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Interim Order and Final Order and grant such relief as the Court deems just and proper.

DATED this 16th day of May, 2018.

**McKAY, BURTON & THURMAN, PC**

/s/     *Jeremy C. Sink*
Jeremy C. Sink
Gregory J. Adams

*Counsel for Food For Health International, LLC*

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)
I hereby certify that on the 16th day of May, 2018, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the Court's

-13-

24597772

CM/ECF system.  I further certify that the parties of record in this case, as identified below, are listed as registered CM/ECF users and will be served through the CM/ECF system:

- **Gregory J. Adams**   gadams@mbt-law.com
- **Peter J. Kuhn tr**   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Mark C. Rose**   mrose@mbt-law.com, markcroselegal@gmail.com
- **Jeremy C. Sink**   jsink@mbt-law.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov


/s/  *Jeremy Sink*

-14-

# EXHIBIT A

24597768

*Form of Order Submitted by:*

Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, | | |
| LLC, a Utah limited liability company, | : | Chapter 11 |
| Debtor. | | |
| | : | Honorable:    R. Kimball Mosier |

## INTERIM ORDER APPROVING THE CONTINUED USE  OF THE DEBTOR'S CASH MANAGEMENT SYSTEM AND THE APPROVAL OF CERTAIN PREPETITION AND POST PETITION OBLIGATIONS

Upon the Motion for  Interim and Final Orders Approving the Continued Use of

-16-

24597768

the Debtor's Cash Management System (the "Motion"),[1] and the Court having reviewed the

Motion and the First Day Declaration and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and

the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii)

this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the

Hearing was sufficient under the circumstances and that no other notice be provided; and the

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and the Court having determined that

the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and

other parties-in-interest; and upon all proceedings had before this Court; and after due

deliberation and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on an interim basis.

2.     A final hearing (the "Final Hearing") on the Motion shall be held on

_____, 2018 at _____ a.m./p.m. prevailing Mountain Eastern Time.  Any objections or

responses to entry of the Final Order shall be filed on or before 4:00 p.m., prevailing Mountain

Time, on _____, 2018 and shall be served upon: (a) the Debtor, Food For Health

International, LLC, 3250 West Professional Circle, SLC, UT 84104 (Attn: Mike SMith); (b)

counsel to the Debtor, McKay, Burton & Thurman, PC, 15 West South Temple, Suite 1000,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Gateway Tower West, Salt Lake City, Utah 84101 (Attn: Jeremy C. Sink, Esq.); (c) counsel to

any statutory committee appointed in the chapter 11 case or, if no such committee has been

appointed, to the Debtor's largest twenty (20) unsecured creditors as set forth in the list filed with

the Debtor's petition; and (d) the Office of the United States Trustee for the District of Utah, Ken

Garff Building, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 (Attn: Peter Kuhn,

Esq.).  In the event no objections or responses are timely filed and served in accordance with the

foregoing, the Court may enter the Final Order without need for the Final Hearing.

   3. The Debtor shall serve a copy of this Order on the Bank within three (3)

business days after the date this Order is entered.

   4. The Debtor is authorized in the reasonable exercise of its business

judgment to: (i) designate, maintain and continue to use, with the same account numbers, all of

its Bank Accounts in existence on the Relief Date; (ii) treat such Bank Accounts for all purposes

as accounts of the Debtor as debtor-in-possession and to maintain and continue using the Bank

Accounts in the same manner and with the same account numbers, styles and document forms as

in existence on the Relief Date until the funds in said accounts are exhausted; (iii) use, in their

present form, any and all checks and other documents related to the Bank Accounts; (iv)

implement ordinary course changes to its Cash Management System; and (v) open and close bank

accounts as the Debtor may deem necessary and appropriate; provided, however, that the Debtor

give notice to the U.S. Trustee and counsel for any duly appointed official committee

(collectively, the "Notice Parties") prior to opening or closing a bank account.  The Debtor's DIP

account has been opened at East West Bank and currently has a balance of $41,715.35.  All

deposits shall be made at the DIP account at East West Bank, unless funds are needed to cover

ACH withdrawals payable to the United States Postal Service for shipping charges from the

Operating Account and except for those automatic deposits to be made to the Efoods account

until those automatic deposits are changed to the DIP account.

      5.    The operations of the Cash Management System in accordance with the

Debtor's normal and customary practices may be continued on and after the Relief Date as to the

Bank Accounts.

      6.    The Bank is authorized, but not directed, to continue to service and

administer the Bank Accounts as accounts of the Debtor as debtor-in-possession without

interruption, and in the ordinary course, and to receive, process, honor and pay any and all

checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer

requests made on, the Bank Accounts after the Relief Date by the holders or makers thereof or

other persons or parties entitled to issue instructions with respect thereto, as the case may be.

      7.    The Debtor is authorized to continue to use all its checks, correspondence

and Business Forms existing immediately before the Relief Date without reference to the

Debtor's status as debtor-in-possession; provided, however, that upon the depletion of any

preprinted check stock and other business forms, the Debtor will obtain new check stock and

business forms reflecting its status as debtor-in-possession.

      8.    The Bank is authorized, but not directed, to accept and honor all

representations from the Debtor regarding which checks, drafts, wires or ACH transfers should be

honored or dishonored consistent with any order of this Court and governing law, whether such

checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Relief Date.

24597768

The Bank shall not be liable to any party on account of: (i) following the Debtor's instructions or representations as to any order of this Court; (ii) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

9.   The Bank, without further order of this Court, is authorized to (i) charge, and the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Bank is entitled under the terms and in accordance with its contractual arrangements with the Debtor and in the ordinary course; and (ii) the Bank also is authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10.   The Debtor's time to comply with Bankruptcy Code section 345(b), to the extent not currently in compliance, is hereby extended for a period of forty-five (45) days from the Relief Date; provided, however, that such extension is (i) without prejudice to the Debtor's right to request either a further extension or the waiver of the requirements of section 345(b) of the Bankruptcy Code in this bankruptcy case and (ii) not a finding that the Debtor does not currently comply with Bankruptcy Code section 345(b).

11.   The Bank is further authorized to (i) honor the Debtor's directions with respect to the opening and closing of any Bank Accounts; and (ii) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, provided, in each case, that the Bank shall not have any liability to any party for relying on such representations.

12.   To the extent the Bank at which the Debtor holds the Bank Accounts is not

-20-

party to a UDA with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause the Bank

to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of

this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event

that the aforementioned Bank is unwilling to execute a UDA in a form prescribed by the U.S.

Trustee are fully reserved.

       13.     Nothing in the Motion or this Order, nor the Debtor's payment of claims

pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity,

priority or amount of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute

any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that

any claim is of the type specified or defined in this Order or the Motion; (v) a request or

authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section

365; (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law;

or (vii) a concession by the Debtor that any liens (contractual, common law, statutory or

otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves it right to

contest the extent, validity and perfection or seek avoidance of all such liens.

       14.     Nothing contained in the Motion or this Order is intended or should be

construed to create an administrative priority claim on account of any claim.

       15.     The contents of the Motion satisfy the requirements of Bankruptcy Rule

6003(b).

       16.     Notice of the Motion as provided therein shall be deemed good and

sufficient notice of such Motion and the requirement of Bankruptcy Rule 6004(a) is satisfied by

such notice.

24597768

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

18.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**END OF ORDER**

-22-

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing document shall be served to the following parties in the manner designated below:

**By Electronic Service (CM/ECF)** – I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of the foregoing Order through the CM/ECF system:

- list

**By U.S. Mail Service** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to to Fed. R. Civ. P. 5(b):

---

24597768

# EXHIBIT B

#39742950 v1
24597769

*Form of Order Submitted by:*

Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, | | |
| LLC, a Utah limited liability company, | : | Chapter 11 |
| Debtor. | | |
| | : | Honorable:   R. Kimball Mosier |

## FINAL ORDER APPROVING THE CONTINUED USE
## OF THE DEBTOR'S CASH MANAGEMENT SYSTEM

Upon the Motion for Interim and Final Orders Approving the Continued Use of

#39742950 v1
24597769

the Debtor's Cash Management System (the "Motion"),[1] and the Court having reviewed the

Motion and the First Day Declaration and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and

the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii)

this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the

Hearing was sufficient under the circumstances and that no other notice be provided; and the

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and the Court having determined that

the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and

other parties-in-interest; and upon all proceedings had before this Court; and after due

deliberation and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on a final basis.

2.    The Debtor is authorized in the reasonable exercise of its business

judgment to: (i) designate, maintain and continue to use, with the same account numbers, all of

its Bank Accounts in existence on the Relief Date; (ii) treat such Bank Accounts for all purposes

as accounts of the Debtor as debtor-in-possession and to maintain and continue using the Bank

Accounts in the same manner and with the same account numbers, styles and document forms as

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

in existence on the Relief Date; (iii) use, in their present form, any and all checks and other

documents related to the Bank Accounts; (iv) implement ordinary course changes to its Cash

Management System; and (v) open and close bank accounts as the Debtor may deem necessary

and appropriate; provided, however, that the Debtor give notice to the U.S. Trustee and counsel

for any duly appointed official committee (collectively, the "Notice Parties") prior to opening or

closing a bank account.  Any new domestic bank account opened by the Debtor shall be

established at an institution insured by the FDIC and organized under the laws of the United

States or any State therein, or in the case of accounts that may carry a balance exceeding the

insurance limitations set thereby, is a party to a uniform depository account ("UDA") with the

U.S. Trustee or is willing to immediately execute such a UDA.

3.      The operations of the Cash Management System in accordance with the

Debtor's normal and customary practices may be continued on and after the Relief Date.

4.      The Bank is authorized, but not directed, to continue to service and

administer the Bank Accounts as accounts of the Debtor as debtor-in-possession without

interruption, and in the ordinary course, and to receive, process, honor and pay any and all

checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer

requests made on, the Bank Accounts after the Relief Date by the holders or makers thereof or

other persons or parties entitled to issue instructions with respect thereto, as the case may be.

5.      The Debtor is authorized to continue to use all its checks, correspondence

and Business Forms existing immediately before the Relief Date without reference to the

Debtor's status as debtor-in-possession; provided, however, that upon the depletion of any

-27-

preprinted check stock and other business forms, the Debtor will obtain new check stock and business forms reflecting its status as debtor-in-possession.

6.      The Bank is authorized, but not directed, to accept and honor all representations from the Debtor regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Relief Date. The Bank shall not be liable to any party on account of: (i) following the Debtor's instructions or representations as to any order of this Court; (ii) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

7.      The Bank, without further order of this Court, is authorized to (i) charge, and the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Bank is entitled under the terms and in accordance with their contractual arrangements with the Debtor and are in the ordinary course; and (ii) the Bank also is authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

8.      The Bank is further authorized to (i) honor the Debtor's directions with respect to the opening and closing of any Bank Account; and (ii) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, provided, in each case, that the Bank shall not have any liability to any party for relying on such representations.

9.      To the extent the Bank at which the Debtor holds the Bank Accounts is not

-28-

party to a UDA with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause the Bank

to execute a UDA in a form prescribed by the U.S. Trustee by [Insert Date]. The U.S. Trustee's

rights to seek further relief from this Court on notice in the event that the aforementioned Bank is

unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

10.    Nothing in the Motion or this Order, nor the Debtor's payment of claims

pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity,

priority or amount of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute

any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that

any claim is of the type specified or defined in this Order or the Motion; (v) a request or

authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section

365; (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law;

or (vii) a concession by the Debtor that any liens (contractual, common law, statutory or

otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves it right to

contest the extent, validity and perfection or seek avoidance of all such liens.

11.    Nothing contained in the Motion or this Order is intended or should be

construed to create an administrative priority claim on account of any claim.

12.    Notice of the Motion as provided therein shall be deemed good and

sufficient notice of such Motion and the requirement of Bankruptcy Rule 6004(a) is satisfied by

such notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this

Order shall be effective and enforceable immediately upon its entry.

-29-

14.    The Debtor is authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Motion.

15.    This Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation and enforcement of this Order.

---

## END OF ORDER

### DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing document shall be served to the following parties in the manner
designated below:

**By Electronic Service (CM/ECF)** – I certify that the parties of record in this case as
identified below, are registered CM/ECF users and will be served notice of the foregoing Order
through the CM/ECF system:

- list

**By U.S. Mail Service** – In addition to the parties of record receiving notice through the
CM/ECF system, the following parties should be served notice pursuant to to Fed. R. Civ. P.
5(b):

---

#39742950 v1
24597769

## Banking summary

| | FFH, Bank of AF | Efoods, Bank of AF | FFH, EastWest Bank |
|---|---|---|---|
| Bank Balance, 5/11/18 | 6,957.22 | 4,082.45 | - |
| Deposits, post-petition | 11,543.68 * | 770.03 *** | 41,715.35 |
| Withdrawals, post-petition | (23,697.68) ** | - | |
| Bank Balance, 5/16/18 | (5,196.78) | 4,852.48 | 41,715.35 |

*** Efoods deposit detail

| | | |
|---|---|---|
| 5/15/2018 | Merchant account | 468.75 |
| 5/16/2018 | Paypal | 301.28 |
| | | 770.03 |

** FFH withdrawal detail attached

* FFH deposit detail attached

Outstanding checks

| Check # | Amount | Payee |
|---|---|---|
| 27981 | 13.52 | Audra Dowdy (1803BX) |
| 27991 | 63.13 | Vida Feng (1803CK) |
| 27993 | 32.54 | Sophie Gao (1803CM) |
| 28069 | 41.93 | Cathy R. Crassman (1803CQ) |
| 28093 | 720.98 | Ben Seeman (3039) |
| 28094 | 36.88 | UPS |
| | 908.98 | |

  

**Divisions of People's Intermountain Bank**

# EXHIBIT "D"

Account: Food For Health Current Time: 05/16/18 11:19:50 AM

Available Balance: -$5,196.78

| Date ▽ | Ref/Check No | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 05/16/2018 | | Pending BANKCARD-8566  BTOT DEP ACH Entry Memo Posted Today | | $99.99 | -$5,196.78 |
| 05/16/2018 | | Pending Capitol Premium  INS. PMT ACH Entry Memo Posted Today | -$4,824.64 | | -$5,296.77 |
| 05/16/2018 | | Pending EBM MEDICAL LLC  Deposits t ACH Entry Memo Posted Today | | $931.89 | -$472.13 |
| 05/16/2018 | | Pending AscentiumCapital  LEASE RENT ACH Entry Memo Posted Today | -$3,284.68 | | -$1,404.02 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $1,880.66 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $2,380.66 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $2,880.66 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $3,380.66 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $3,880.66 |
| 05/16/2018 | | Pending ENDICIA  ENDICIAPMT ACH Entry Memo Posted Today | -$500.00 | | $4,380.66 |
| 05/15/2018 | | ZIONS BANK  9018600000PPD C/L EFT FOOD FOR HEAL 001 | -$3,184.18 | | $4,880.66 |
| 05/15/2018 | | PAWNEE FUND I  LEASE PMT 1822529917 354944 | -$2,565.98 | | $8,064.84 |
| 05/15/2018 | | EVERBANK CF  ECF 7200716627  AC-BUND20319025 | -$2,116.98 | | $10,630.82 |
| 05/15/2018 | | VENDOR SERVICES  VSC PMT 2330318616  L266845-000 | -$270.40 | | $12,747.80 |
| 05/15/2018 | View Image | Regular Deposit | | $1,731.30 | $13,018.20 |
| 05/15/2018 | | EBM MEDICAL LLC 1812905743PPD Deposits t FFH | | $899.80 | $11,286.90 |
| 05/15/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202090887 | | $725.95 | $10,387.10 |
| 05/15/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202089889 | | $685.42 | $9,661.15 |
| 05/15/2018 | | EBM MEDICAL LLC 1812905743PPD Deposits t FFH | | $666.16 | $8,975.73 |
| 05/15/2018 | | EBM MEDICAL LLC 1812905743PPD Deposits t FFH | | $614.92 | $8,309.57 |
| 05/15/2018 | | EBM MEDICAL LLC 1812905743PPD Deposits t FFH | | $507.22 | $7,694.65 |
| 05/15/2018 | | BANKCARD-8566  MTOT DEP 1592126793 518089731509956 | | $50.68 | $7,187.43 |
| 05/14/2018 | 28092 | Check  28092 | -$50.94 | | $7,136.75 |
| 05/14/2018 | 28008 | Check  28008 | -$32.54 | | $7,187.69 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R401651562 | -$500.00 | | $7,220.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R401532925 | -$500.00 | | $7,720.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R401492558 | -$500.00 | | $8,220.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R401063463 | -$500.00 | | $8,720.23 |

| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R402326527 | -$500.00 | | $9,220.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R402289637 | -$500.00 | | $9,720.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R402177725 | -$500.00 | | $10,220.23 |
| 05/14/2018 | | ENDICIA  ENDICIAPMT 9002105001 R402086366 | -$500.00 | | $10,720.23 |
| 05/14/2018 | | Account Analysis Charge | -$367.34 | | $11,220.23 |
| 05/14/2018 | View Image | Regular Deposit | | $42.49 | $11,587.57 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202089889 | | $1,649.77 | $11,545.08 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202910886 | | $1,050.57 | $9,895.31 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202090887 | | $1,015.97 | $8,844.74 |
| 05/14/2018 | | BANKCARD-8566  MTOT DEP 1592126793 518089731509956 | | $209.96 | $7,828.77 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202089889 | | $208.90 | $7,618.81 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202090887 | | $186.37 | $7,409.91 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202090887 | | $181.88 | $7,223.54 |
| 05/14/2018 | | MERCHANT BNKCD  DEPOSIT FD12400005  385202089889 | | $84.44 | $7,041.66 |
| Totals: | | Transactions: 42 | Debits: -$23,697.68 | Credits: $11,543.68 | |