Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, LLC, a Utah limited liability company, Debtor. | : | Chapter 11 |
| | : | Honorable:    R. Kimball Mosier |

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL (II) SCHEDULING A FINAL HEARING; AND (III) GRANTING RELATED RELIEF

FOOD FOR HEALTH INTERNATIONAL, LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned bankruptcy case (the "**Case**"), through counsel, hereby submits this motion (the "**Motion**") requesting entry of an order authorizing the Debtor to use cash collateral, both on an interim basis and on a final basis.

The Debtor's cash collateral forecast (the "**Budget**") for the months ending May 31, 2018, and June 30, 2018 and through the week ending July 15, 2018 is attached hereto as **Exhibit A**. By its Motion, the Debtor seeks preliminary approval for the short-term use of cash collateral in accordance with the Budget until a final hearing can be held, and then final approval for use of cash collateral in accordance with the Budget through July 15, 2018.

## I.     COMPLIANCE WITH BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-2

1.     The following entities claim, or may claim, an interest in the Debtor's cash collateral:  Mountain Labs Holding, LLC formerly known as FFHI Acquisitions LC ("MLH") and The Priscilla Davis Irrevocable Trust[1].

2.     The Debtor proposes to use its cash, including cash that may constitute cash collateral, to pay the Debtor's ordinary post-petition operating expenses and certain administrative expenses (the "**Approved Expenses**") as more particularly set forth in the Budget.

3.     The Debtor requests authority to use cash collateral on an interim basis pending a final hearing on this Motion.

4.     The Debtor seeks entry of a final order authorizing use of cash collateral through the period ending July 15, 2018.

5.     Further, subject to the terms and conditions of future budgets to be submitted to and considered by the Court by amendments to the Motion (and/or by amendments to the Budget), the Debtor hereby moves the Court to approve and authorize the use of cash collateral for additional periods beyond July 15, 2018.

6.     The Motion anticipates, and the Debtor requests, that the Court schedule further hearings to consider and approve use of cash collateral for future periods, based upon budgets to be submitted in advance of such further hearings.

---

[1] A lien search in the database maintained by the Utah Department of Commerce identifies approximately 24 UCC-1 financing statements filed against the Debtor.  On information and belief, the Debtor understands only two of these, UCC filing # 508231201629 filed December 29, 2016 by MLH and UCC filing # 536182201831, relate to a security interest in cash collateral granted by the Debtor.  The remaining financing statements relate to specific items of equipment in which the Debtor granted security interests to various parties.  The Debtor does not concede that MLH nor The Priscilla Davis Irrevocable Trust properly perfected their security interests in the Debtor's cash collateral, but seeks approval to use cash collateral to the extent (if any) that MLH, the Priscilla Davis Irrevocable Trust (or any other creditor) has a valid interest in such cash collateral.  The Debtor also notes that three blanket liens were filed within 90 days of the bankruptcy filing which also purport to assert a lien in cash collateral.  As those liens fall within the statutory preference period they are not addressed here.

7.      The Debtor does not request any "extraordinary relief" within the meaning of Local Rule 4001-2(a)(1).

8.      The Debtor proposes that the order(s) approving this Motion on an interim and final basis provide the following "adequate protection" to affected creditors (collectively, the "**Adequate Protection Rights**"):  MLH and any other affected creditors will receive a replacement lien upon all pre-petition and post-petition assets of the Debtor (excepting, chapter 5 claims and the proceeds of new sales) to the extent the Debtor's use of cash collateral results in a diminution in the amount or value of the secured claim of such creditor.  To the Debtor's knowledge, there is currently no value to such a replacement lien and will be no value created by ongoing operations of the Debtor as the sole purpose of the use of the cash collateral is to continue operations of the Debtor for the sole purpose of facilitating a sale of substantially all of the assets of the company to a ready, able and willing buyer.   Moreover, contemporaneously with the filing of this Motion, the Debtor plans to file a Motion to Approve Debtor-In-Possession Funding which motion will request that the DIP lender receive a lien superior to any replacement lien.

9.      A summary of the proposed use of cash collateral is as follows: (a) the Debtor proposes to use cash to pay the Approved Expenses, as more particularly detailed on the Budget; (b) the Debtor proposes to use cash collateral to pay expenses in the amounts specified in the Budget; and (c) the Debtor proposes to grant MLH and any other affected creditors the Adequate Protection Rights described above, including a replacement lien, upon nonexcluded post-petition assets of the Debtor, as limited by any order approving the Debtor-In Possession funding.

10.      Further, the Debtor is requesting interim relief to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

## II.    JURISDICTION AND VENUE

11.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

12.    This is a core proceeding under 28 U.S.C. § 157(b).

13.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    PROCEDURAL BACKGROUND

14.    The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 11, 2018 (the "**Petition Date**") at approximately 10:28 a.m. (MST).

15.    The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

16.    No examiner or trustee has been appointed in this Case.

## IV.    RELEVANT FACTS

### A. The Debtor's Business

17.    Debtor operates or controls a manufacturing facility located in West Valley, Salt Lake County, Utah, consisting of multiple manufacturing lines for various products, some of which are produced and sold as a product owned and controlled by the Debtor and some of which are manufactured for third parties, a 170,000 square foot warehouse, and distributing functions for various third parties.

18.    The Debtor is the market leader in the intermountain west for mixed powders and is a contract manufacturer of raw ingredients and finished goods.  The Debtor contracts with two vendors who maintain proprietary technologies to produce our premium whole-food powders, and each technology meets our strict standard of suspending living nutrition.

19.     The Debtor has multiple operating production lines and full-time staff dedicated to 24 hour a day production, when necessary.

**B. The Debtor's Cash Flow**

20.      The Debtor's revenues are generated primarily from third party contracts for the production and packaging of mixed powder products and miscellaneous warehousing fees.

21.     The Debtor's revenues are fairly constant year round. For example, quarterly gross revenues during 2017 were as follows: revenue for the first, second, third, and fourth quarter of 2017 were $2.6 million, $2.5 million, $4.5 million, and $2.8 million.

22.     The Debtor estimates that gross revenues for the first few post-petition periods will be as follows: (a) Petition Date through June 18, 2018, $491,850 (b) June 19 through July 18, 2018, $491,850.

**C. Cash Flow Problems**

23.      The current owners of the Debtor acquired the company in 2016.

24.     The Company has reported losses since 2015.  In 2013 and 2014 the Company focused on survival food products.  In 2015 the company refocused its business toward the vitamin and health supplement markets.  The change in focus result a significant reduction in revenue $40.2 million in 2015 to $24.1 million in 2016 and $12.4 million in 2017.  The reduction in revenue adversely impacted margins, and as a consequence, losses significantly increased.   Also contributing the additional losses in 2016 and 2017 was the decision to expand its service offerings to include third-party logistics.  During 2016 the Company began looking for a capital partner.  The search resulted in the formation of Food for Health Acquisitions ("Acquisitions") which acquired FFH for a Senior Secured Note in the initial amount of $750,000, subject to increase as a result of future loans, and a contingent note payable to the Seller of the FFH member interests, Frank Davis.

In approximately December of 2016, Acquisitions closed on the sale of the business and installed a new management team. From the close of the transaction through the spring of 2017 new management uncovered a significant cash burn rate not previously disclosed in the sale process. Additional funding of $2,138,000 and the implementation of cost cutting moves and liquidity tactics failed to sufficiently improve the operations of the business. In addition, the Company suffered from a significantly overleveraged balance sheet from prior rounds of funding from private investors. The demands of the investors and other creditors provided no choice but to seek protection under Chapter 11 of the Bankruptcy Code.

25.	The Business is forecasted to generate losses in each month in 2018. The Debtor needs to continue to employ its staff and pay suppliers, service providers, and other operating expenses so that it can continue generating revenues and ensure that its customers continue to receive the high level of expertise and service that they expect and are accustomed to receiving from the Debtor, and to ensure the highest and best offer for the sale of the assets.

26.	In short, the Budget requests approval to pay Approved Expenses so that the Debtor can maintain its operations. The expenses are justified to retain the level of infrastructure and personnel necessary to reasonably maximize the Debtor's going concern value. The Debtor is currently finalizing Debtor in possession financing to make the numbers in the budget feasible.

27.	Creditors who may have or may assert an interest in cash collateral are protected, as shown in the Budget, because the shortfall between the operating expenses and the company revenues are forecasted to be covered by the DIP funding. Thus, keeping the creditors in the same position as they are now in.

28.	In order to maintain active business operations and maximize the value for any sale of the assets of the business, the Debtor must pay the operating expenses listed on the Budget. Failure to pay such expenses would severely impair the Debtor's ability to be sold as a

going concern and maintain critical contractual relationships with its clientele and to avoid

contractual breaches of ongoing manufacturing obligations.

29.    Absent payment of the Approved Expenses, the Debtor may not be able to fulfill

its commitments to customers, which will likely result in a conversion of this case to a case under

Chapter 7 of the Bankruptcy Code.

## V.    RELIEF REQUESTED

32.    The Debtor asks the Court to enter an Order authorizing the Debtor (a) to pay the

Approved Expenses, as more particularly detailed on the Budget attached hereto as Exhibit A,

(b) to use cash collateral to pay expenses in the amounts specified in the Budget, and (c) granting

MLH and any other affected parties the Adequate Protection Rights, as limited by any DIP

Funding order described above.  The Debtor requests such relief on both an interim basis and on a

final basis.  The Debtor further requests permission to exceed the amounts budgeted for

individual line items on the Budget by no more than ten percent (10%), and to carry forward any

budget savings in prior periods to permit greater expenditures in later periods.

33.    Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests a preliminary

hearing on this Motion as soon as practicable, and further request entry of an interim order

authorizing the use of cash collateral as necessary to avoid immediate and irreparable harm to the

estate pending a final hearing on this Motion.

34.    Proposed forms of order authorizing the preliminary and final use of cash

collateral in accordance with the Budget are attached as **Exhibit B** and **Exhibit C**, respectively.

35.    The Debtor further requests that the Court schedule one or more future hearings,

to be held a reasonable time in advance of the expiration of any order permitting use of cash

collateral, to consider the Debtor's continued use of cash collateral.

## VI.    BASIS FOR RELIEF REQUESTED

36.    To the extent the Debtor's cash is the collateral of MLH and/or any other person, the Debtor seeks authority to use the cash for the operation of its business in the ordinary course as authorized by §§ 363(a), 1107 and 1108 of the Bankruptcy Code.  The Debtor has discussed this motion with MLH and it has agreed to subordinate its secured lien to facilitate the granting of this motion and the proposed DIP financing.

37.    As applicable, the Debtor seeks authority to use cash collateral through and including July 15, 2018, and for future periods.  A proposed budget is attached hereto as **Exhibit A**.

38.    Section 363(c)(2)(B) of the Bankruptcy Code enables this Court to authorize the use of cash collateral.  The Court is required, however, to "prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).  Adequate protection is a concept "which is to be decided flexibly on the proverbial 'case-by case' basis."  MBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396-97 (10th Cir. 1987).

39.    A creditor secured by cash collateral is only entitled to adequate protection to the extent of any post-petition diminution in the value of the collateral.  See In re Club Assocs., 107 B.R. 385, 394 (Bankr. N.D. Ga. 1989) ("adequate protection payments are intended to replace the value of the collateral lost during the pendency of the case"); United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 372 (1988) (same).

40.    Adequate protection, if it is necessary, may take many available forms, including (1) cash payments, (2) additional or replacement liens, and (3) allowance of an administrative expense or other relief.  See 11 U.S.C. § 361; Travelers Ins. Co. v. American Agcredit Corp. (In re Blehm Land & Cattle Co.), 859 F.2d 137, 139 (10th Cir. 1988) (explaining that the three methods of adequate protection delineated in § 361 are "nonexclusive").

41.    The Debtor proposes to grant the Adequate Protection Rights to MLH and any other person holding a lien upon the Debtor's cash as limited by any order approving DIP funding, by providing a replacement lien upon all pre-petition and post-petition assets of the Debtor (excepting chapter 5 claims) to the extent the Debtor's use of cash collateral results in a diminution in the amount or value of the secured claim of such creditor.

42.    The Adequate Protection Rights reasonably and adequately protect affected creditors against potential harm they might incur in connection with use of cash collateral. Among other things, affected creditors will be adequately protected, at least in part, by the revenues and income that the Debtor's post-petition operations will generate for so long as the Debtor continues to operate.

43.    In short, the Debtor's ordinary business operations with the assistance of the DIP funding will maintain the status quo and allow the Debtor to continue operations to facilitate a quick sale.

## VII.    CONCLUSION

WHEREFORE, the Debtor respectfully prays that the Court enter an order authorizing the Debtor to use cash collateral, both on an interim basis and on a final basis. Proposed forms of order authorizing the Debtor's interim and final use of cash collateral in accordance with the Budget are attached hereto as **Exhibit B**. and **Exhibit C**, respectively. The Debtor further requests such other and further relief as is just and proper under these circumstances.

DATED this 16th day of May, 2018.

**McKAY, BURTON & THURMAN, P.C.**

  /s/ Jeremy C. Sink
 Gregory J. Adams
 Jeremy C. Sink
 *Proposed attorneys for* debtor-in-possession

FOOD FOR HEALTH INTERNATIONAL, LLC

## <u>CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)</u>

I hereby certify that on the 16th day of May, 2018, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the Court's CM/ECF system.  I further certify that the parties of record in this case, as identified below, are listed as registered CM/ECF users and will be served through the CM/ECF system:

- **Gregory J. Adams**     gadams@mbt-law.com
- **Peter J. Kuhn tr**     Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Mark C. Rose**     mrose@mbt-law.com, markcroselegal@gmail.com
- **Jeremy C. Sink**     jsink@mbt-law.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov


/s/ Jeremy C. Sink

**EXHIBIT A**


**(Budget)**

**EXHIBIT B**

**(Proposed Form of Interim Order)**

*Prepared and Submitted by:*

Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, | | |
| LLC, a Utah limited liability company, | : | Chapter 11 |
| Debtor. | | |
| | : | Honorable:    R. Kimball Mosier |

## PRELIMINARY ORDER AUTHORIZING THE USE OF CASH COLLATERAL

This matter came before the Court on May 1__, 2018 at __ a.m. for a preliminary hearing on the motion for authority to use cash collateral (the "**Motion**") filed by debtor and debtor-in-possession Food For Health International, LLC (the "**Debtor**").  Appearances of counsel and of other parties-in-interest were made on the record at the hearing.

Based on the evidence received by the Court and/or adduced at the preliminary hearing on the Motion, considering the representations and statements of counsel, and the Court having made findings of fact and conclusions of law on the record of the hearing, which findings and conclusions are incorporated into this Order by reference, the Court hereby

**FINDS AND CONCLUDES** as follows:

A.　　the Court has jurisdiction under 28 U.S.C. §§ 157 and 1334;

B.　　this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O);

C.　　no examiner or trustee has been appointed in this case;

D.　　notice of the Motion, and of the preliminary hearing thereon, was and is, given the circumstances, adequate and proper within the meaning of 11 U.S.C. § 102(1) and Federal Rule of Bankruptcy Procedure 4001(b);

E.　　the expenses identified on the budget attached hereto as Exhibit "A" are actual and necessary costs and expenses of preserving the Debtor's chapter 11 bankruptcy estate;

F.　　Mountain Labs Holding, LLC claims an interest in the Debtor's cash collateral;

G.　　To the extent that Mountain Labs Holding, LLC, the Priscilla Davis Revocable Trust and any other creditors have an interest in the Debtor's cash and/or other assets of the Debtor which will result in cash proceeds (collectively, the "**Cash Collateral**"), then such creditors are adequately protected by the replacement liens and other adequate protection rights granted hereunder; and

H.　　the Court stated additional findings of fact and conclusions of law on the record during the hearings on the Motion, which findings and conclusions are incorporated herein by reference.

WHEREFORE, based upon the Motion, the foregoing findings and conclusions and other matters of record, and good cause appearing, it hereby is

**ORDERED** that:

{00363346.DOC / 2}

2

1.      The Motion is GRANTED on a preliminary basis, as more particularly described below.

2.      The Debtor is authorized to use and spend Cash Collateral to pay expenses as consistent with and identified on the budget attached hereto as **Exhibit A** (the "**Budget**") to the extent of the amounts reflected on the Budget for the period from May 11, 2018 through July 15, 2018.  The Debtor may exceed the amounts budgeted for individual line items on the Budget by up to ten percent (10%).  Further, savings in prior periods may be carried forward to permit greater expenditures in later periods.

3.      Further, to the extent the Debtor obtains the express written consent of Mountain Labs Holding, LLC, the Debtor may use and spend Cash Collateral beyond or in addition to the amounts reflected in the Budget to pay any additional costs or expenses that arise in the ordinary course of the Debtor's business.

4.      Mountain Lab Holdings, LLC, the Priscilla Davis Revocable Trust and any other affected creditors (the "**Affected Creditors**") shall receive, and shall be afforded, the following rights and treatment as "adequate protection" for the Debtor's use of cash collateral (collectively, the "**Adequate Protection Rights**"):

    a.  To the extent the Debtor uses cash that constitutes "cash collateral" of Mountain Labs Holding, LLC or the Priscilla Davis Revocable Trust, within the meaning of 11 U.S.C. § 363, and then to the extent such use of cash results in a diminution, in the aggregate, in the amount of the collateral of the Affected Creditors as the same existed the date that use of cash collateral was authorized, as adequate protection for the Debtor's use of the same, the Affected Creditors hereby are granted a properly perfected security interest and replacement lien (the "**Replacement Lien**") in all pre-petition and post-petition assets of the Debtor (excepting chapter 5 claims and the proceeds of new sales revenue) to the extent

of such diminution, subject to any provisions in an Order Granting Debtor-In Possession

Funding which may grant a superior lien to the DIP lender.

      b.   The Replacement Lien granted hereunder shall attach and become valid,

binding, continuing, enforceable, fully-perfected and non-avoidable by operation of law

as of the Petition Date without any further action by the Debtor, Mountain Labs Holding,

LLC, the Priscilla Davis Revocable Trust, or any other person, and without the necessity

of execution by the Debtor, or the filing or recordation, of any financing statements,

security agreements, mortgages, deeds of trust, or other documents.

      5.   Nothing in this Order shall be deemed to determine the extent, validity, or priority

of the alleged claims or liens of Mountain Labs Holding, LLC, the Priscilla Davis Revocable

Trust or any other creditor.

      6.   The authority granted by this Order shall expire on _____, 2018, at the

hour of 11:59 p.m. (Mountain Time).

      7.   The Court shall hold a final hearing on _____ ___, 2018, at _____,

regarding the Debtor's authority to use cash collateral through April 30, 2018.

      8.   At least two business days in advance of the final hearing, the Debtor shall submit

to the Court, to the United States Trustee, Mountain Labs Holding, LLC and the Priscilla Davis

Revocable Trust, a report of actual receipts and disbursements versus the amounts reflected in

the Budget.

      9.   This Order shall constitute adequate and appropriate notice of the final hearing on

use of cash collateral, as scheduled hereunder.  The Debtor shall not be required to serve

additional notice upon parties-in-interest.

      10.   This order is effective as of May __,  2018, when the Court's verbal ruling was

announced in open court at the conclusion of the hearing on the Motion.

{00363346.DOC / 2}

------------------------------------ END OF ORDER ------------------------------------

**EXHIBIT C**

**(Proposed Form of Final Order)**

*Prepared and Submitted by:*

Jeremy C. Sink (9916)
jsink@mbt-law.com
Gregory J. Adams (6159)
gadams@mbt-law.com
McKAY, BURTON & THURMAN
15 W. South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Proposed Attorneys for the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 18-23404 |
| FOOD FOR HEALTH INTERNATIONAL, LLC, a Utah limited liability company, Debtor. | : | Chapter 11 |
| | : | Honorable:    R. Kimball Mosier |

## FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL

This matter came before the Court on _____ ___, 2018 for a final hearing on the

motion for authority to use cash collateral (the "**Motion**") filed by debtor and debtor-in

possession FOOD FOR HEALTH INTERNATIONAL, LLC (the "**Debtor**").  Appearances of

counsel and of other parties-in-interest were made on the record at the hearing.

Based on the evidence received by the Court and/or adduced at the preliminary hearing on

the Motion, considering the representations and statements of counsel, and the Court having

made findings of fact and conclusions of law on the record of the hearing, which findings and

conclusions are incorporated into this Order by reference, the Court hereby **FINDS AND**

**CONCLUDES** as follows:

A.       The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334;

B.       This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O);

C.       No examiner or trustee has been appointed in this case;

D.       Notice of the Motion, and of the preliminary hearing thereon, was and is, given the

circumstances, adequate and proper within the meaning of 11 U.S.C. § 102(1) and Federal Rule

of Bankruptcy Procedure 4001(b);

E.       The expenses identified on the budget attached hereto as Exhibit "A" are actual

and necessary costs and expenses of preserving the Debtor's chapter 11 bankruptcy estate;

F.       Mountain Labs Holding, LLC and potentially the Priscilla Davis Revocable Trust

claim an interest in the Debtor's cash collateral;

G.       To the extent that Mountain Labs Holding, LLC, the Priscilla Davis Revocable

Trsut or any other creditors have an interest in the Debtor's cash and/or other assets of the Debtor

which will result in cash proceeds (collectively, the "**Cash Collateral**"), then such parties are

adequately protected by the replacement liens and other adequate protection rights, as impacted

or modified by any order granting DIP funding, granted hereunder; and

H.       the Court stated additional findings of fact and conclusions of law on the record

during the hearings on the Motion, which findings and conclusions are incorporated herein by

reference.

WHEREFORE, based upon the Motion, the foregoing findings and conclusions and other matters of record, and good cause appearing, it hereby is

**ORDERED** that:

1.      The Motion is GRANTED on a preliminary basis, as more particularly described below.

2.      The Debtor is authorized to use and spend Cash Collateral to pay expenses as consistent with and identified on the budget attached hereto as **Exhibit "A"** (the "**Budget**"), and the Debtor may exceed the amounts budgeted for individual line items on the Budget by up to ten percent (10%) and savings in prior periods may be carried forward to permit greater expenditures in later periods.

3.      Further, to the extent the Debtor obtains the express written consent of Mountain Labs Holding, LLC, the Debtor may use and spend Cash Collateral beyond or in addition to the amounts reflected in the Budget to pay any additional costs or expenses that arise in the ordinary course of the Debtor's business.

4.      Mountain Lab Holdings, LLC, the Priscilla Davis Revocable Trust and any other affected creditors (the "**Affected Creditors**") shall receive, and shall be afforded, the following rights and treatment as "adequate protection" for the Debtor's use of cash collateral (collectively, the "**Adequate Protection Rights**"):

    a.  To the extent the Debtor uses cash that constitutes "cash collateral" of Mountain Labs Holding, LLC or the Priscilla Davis Revocable Trust, within the meaning of 11 U.S.C. § 363, and then to the extent such use of cash results in a diminution, in the aggregate, in the amount of the collateral of the Affected Creditors as the same existed the date that use of cash collateral was authorized, as adequate protection for the Debtor's use of the same, the Affected Creditors hereby are granted a properly perfected security interest and replacement lien (the "**Replacement Lien**") in all pre-petition and post-petition assets of the Debtor (excepting chapter 5 claims and the proceeds of

4

new sales revenue) to the extent of such diminution, subject to any provisions in an Order Granting Debtor-In Possession Funding which may grant a superior lien to the DIP lender.

b.   The Replacement Lien granted hereunder shall attach and become valid, binding, continuing, enforceable, fully-perfected and non-avoidable by operation of law as of the Petition Date without any further action by the Debtor, Mountain Labs Holding, LLC, the Priscilla Davis Revocable Trust, or any other person, and without the necessity of execution by the Debtor, or the filing or recordation, of any financing statements, security agreements, mortgages, deeds of trust, or other documents.

5.   Nothing in this Order shall be deemed to determine the extent, validity, or priority of the alleged claims or liens of Mountain Labs Holding, LLC or any other alleged secured creditors.

6.   The authority granted by this Order shall expire on July __, 2018, at the hour of 11:59 p.m. (Mountain Time).

7.   The Court shall hold a further hearing on [date and time] regarding the Debtor's authority to continue using cash collateral after July 15, 2018.

8.   At least two business days in advance of the next scheduled cash collateral hearing referenced above, the Debtor shall submit to the Court, to the United States Trustee, and Mountain Labs Holding, LLC a report of actual receipts and disbursements versus the amounts reflected in the Budget.

9.     This Order shall constitute adequate and appropriate notice of the final hearing on use of cash collateral, as scheduled hereunder.  The Debtor shall not be required to serve additional notice upon parties-in-interest.

10.    This order is effective as of _____ ___, 2018, when the Court's verbal ruling was announced in open court at the conclusion of the hearing on the Motion.

------------------------------------- END OF ORDER -------------------------------------